IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOAN M. HAVENS,<br><br>Defendant. | PO-18-5007-GF-JTJ<br><br>ORDER AND JUDGMENT |

On June 7, 2018, the undersigned presided over a bench trial in the above captioned case. The United States of America charged Defendant Joan M. Havens with Interfering with a Forest Officer under 36 C.F.R. § 261.3(a). This charge requires the United States to prove beyond a reasonable doubt that Ms. Havens (1) threatened, resisted, intimidated, or interfered with a person; (2) that person was in fact a Forest officer; and (3) the Forest officer was engaged in or on account of the performance of his or her official duties in the protection, improvement, or administration of the National Forest System. The maximum penalty under the

enabling statute is six months imprisonment, a $500.00 fine, or both. 16 U.S.C. § 551.

The United States presented evidence through the testimony of four witnesses: Tim Culbreth, Michael Kaiser Nick Schreiner, and Jennifer Taylor. The witnesses each testified that they were working for the United States Forest Service on January 11, 2018, either doing fire mitigation work or acting as law enforcement in the case of Officer Taylor. It was undisputed that the four witnesses were Forest officers and engaged in the protection, improvement, or administration of the National Forest System within the meaning of 36 C.F.R. § 261.3.

The three employee witnesses, Mr. Culbreth, Mr. Kaiser, and Mr. Schreiner, testified that in the early afternoon of January 11, 2018, while they were doing prescribed burns on Forest Service Land, Ms. Havens approached them and yelled at them for allegedly trespassing on her property some time before. She warned them that if they came onto her property, that she had an AR-15 rifle and that she knew how to use it. They stated that they felt threatened and intimidated by Ms. Havens. After Ms. Havens got back into her vehicle, the employees testified that she drove off and confronted Officer Taylor. Officer Taylor testified that Ms. Havens made similar threats to her, stating that if anyone from the Forest Service came on her property again, she would show them her AR-15 and that this was

their last warning.

The witnesses testified that Ms. Havens was angry and aggressive, but noted that she did not physically assault them and did not have a firearm on her person as far as they could tell. They also testified that no one in the Forest Service would return to the area for fear of Ms. Havens, meaning they were not able to complete their fire mitigation project.

Ms. Havens testified that she did not threaten them, and that her confrontation with the Forest officers that day was a response to what she claimed was repeated instances of trespass on her property by the Forest Service, as well as her claim that they had cut down several trees on her property. She testified that she was within her rights to exclude government employees from her property, and that at no time did she make an affirmative threat to anyone, and that she did not have a firearm during any of the confrontations.

In reviewing the evidence and testimony presented at trial, the Court finds that the United States has met its burden to prove beyond a reasonable doubt that Ms. Havens threatened, intimidated, or interfered with Forest service officers while they engaged in or on account of the performance of their official duties in the protection, improvement, or administration of the National Forest System. Therefore, the Court finds Ms. Havens guilty of the charge as set forth in the citation. (Doc. 1).

Accordingly, **IT IS HEREBY ORDERED** that :

1. Joan M. Havens is adjudicated guilty of the count in the citation: Interfering with a Forest Officer in violation of 36 C.F.R. § 261.3(a). (Doc. 1).

Having found Ms. Havens guilty of the above offense, and having considered the evidence and arguments presented at the sentencing hearing as well as the sentencing factors found in 18 U.S.C. § 3553, and pursuant to 28 U.S.C. § 636(a)(1)(4), the Court enters the following **SENTENCE**:

1. Ms. Havens shall be imprisoned for a total term of seven (7) days. Ms. Havens shall surrender to the custody of the United States Marshal pending the conclusion of this matter.

2. Ms. Havens must pay a special assessment of $30.00. The special assessment is due immediately upon her surrender to the United States Marshal and payable to the Clerk of Court.

3. The execution of the sentence shall be stayed pending appeal.

## NOTICE OF RIGHT TO APPEAL

Ms. Havens is advised that, pursuant to 18 U.S.C. § 3742(h) and Federal Rule of Criminal Procedure 58(g)(2)(B), she has the right to appeal the sentence imposed in this case to a United States District Court Judge within fourteen (14) days after entry of this Judgment.

The clerk shall forthwith notify the parties of entry of this Judgment.

DATED this 12th day of June, 2018.

_____
John Johnston
United States Magistrate Judge